Case 5:20-cv-00105   Document 18   Filed on 01/22/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| V. § | **CIVIL ACTION NO. 5:20-CV-105** |
| § | |
| **0.9226 ACRES OF LAND, MORE OR** § | |
| **LESS, SITUATED IN ZAPATA** § | |
| **COUNTY, STATE OF TEXAS; AND** § | |
| **ERNESTO F. URIBE,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Before this Court is Opposed Motion of the United States of America for Order of Immediate Possession. (Dkt. No. 10). Defendant Ernesto Uribe has filed his response and objections. (Dkt. No. 15).

Among the Defendant's objections asserted is the argument that the United States has not conducted bona fide or good faith pre-suit negotiations to purchase of the right of entry sought by the government. (Dkt. No. 15 at 5–6). This Court has ruled in a separate case that 8 U.S.C. § 1103(b)(3) requires the United States to make a bona fide effort to negotiate for the purchase of the property interest sought—in this case a right of entry—before filing a condemnation lawsuit. *United States v. 3.572 Acres of Land, and Guillermo Caldera*, Civil Action No. 5:20-CV-39, CM/ECF Dkt. No. 28 at 9 (S.D. Tex. January 22, 2021). Additionally, the Court may direct further negotiations as a condition precedent to condemnation if it finds the negotiations have, so far, been inadequate. (*Id.* at 12).

The Court takes judicial notice of a recent Executive Order by President Joseph R. Biden which promulgates a dramatic a shift in policy toward the construction of the border wall. *See* Proclamation on the Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction (Jan. 29, 2021) (Federal Register publication forthcoming). The Court is concerned that the Administration's shift in policy may likewise signal a shift in the Government's posture toward negotiations for acquisition of a right of entry from

Defendant Zapata County and other property owners.

As a result of the foregoing, the Court **ORDERS** the United States to file a supplement to its motion for order of immediate possession (Dkt. No. 10) by **February 3, 2021** that provides: (1) a statement of whether the United States intends to pursue this lawsuit in general and the motion for order of immediate possession in particular; and (2) further proof of either additional bona fide negotiations with Zapata County as to the acquisition of the right of entry or a statement that the parties remain unable to reach an agreement at a price satisfactory to the United States for the purchase of the right of entry it seeks in this case. The proof of bona fide negotiations must include a statement of the last offers made by each of the parties. The Court expects that the information provided in the United States' supplement will reflect communications with the appropriate agency representatives.

It is so **ORDERED**.
**SIGNED** on January 22, 2021.

_____
John A. Kazen
United States Magistrate Judge